I believe we're ready to start with the motion. New Falls Corporation v. Soni. Yes, Your Honor. Good morning. Wesley Mead for the Appellant Movement. I respectfully request to reserve one minute in rebuttal. Your Honors, my clients and I are forced to continue on a case with no protection of an impartial record for review. It is as if this case and related cases have already been decided. The district court judge in this case does not record conferences which is not in the court's individual rules providing any notice to litigants. The district court judge has during an unrecorded August 10, 2020 teleconference ordered that no motions are permitted. The district judge has during a teleconference on March 23, 2021 openly encouraged plaintiffs to move for summary judgment on this case before a framed-issue hearing that was previously ordered has been held. Mr. Mead, can I ask you to address the final judgment rule and why we have jurisdiction over this matter at this time? Yes, Your Honor. I've addressed in the letter brief. I believe that the issue of the sanction of $500 in this case, Judge, was tied directly to the motion injunction such as that it's inextricably intertwined with it and therefore there would be there should be a jurisdiction based on all the reasons I gave within the letter brief. I've gone through the case law on that, Judge. So, exactly what do the appeal? Well, Judge, there's nothing else for the court to do but to order me to pay. I'm sorry, I've already been ordered to pay $500. It's a taking of property without due process of law. There's the judge, the district court judge herself had indicated that she was relying upon the teleconference in rationale for the the actual ruling and there was no recording of the teleconference. I have no way to present and the longer this court the longer this appeal takes the less availability I will have to be able to create a record for later for later judicial review and that is the issue that I have in this case is that there is there is no opportunity both between the magistrate not permitting written motion practice and the district court judge not allowing recordings. I cannot record under Rule 1.8, Judge. I am stuck in this case with potential the potential for future sanctions and and and judge with if the court has seen what was sanctioned here. Hello? Yes. I'm sorry. I judge I'm being I have I mean this is only a $500 sanction but what if the next sanction judge is $10,000 or $100,000? I'm stuck between these it's very unusual what's occurred here between these two I'm not able to make a motion these the issue of I was going to get into in a moment the the issue which the judge has I'm sorry the procedure the judge has set up is in violation of both the federal rules and the local rules. The joint call provision I was going to give an example on the related case for attorneys called the magistrate judge on January 26 and on a discovery dispute we received we were told we were going to receive a notice of a teleconference nothing was ever received and all and April 10th is the closing date of discovery in that case there's an unworkable case that's going on cases that are going on here and I think everyone is confused I don't believe I did anything in this in filing this motion it didn't it clearly the order docket 153 did not apply to non-parties it was clear mr. mead you you said yes I would like to reserve a minute of rebuttal we don't usually have rebuttal on motions but if you want that minute I'm happy to give it to you and that's fine I'll stop I'll stop there and we'll hear from and we'll hear from your adversary thank you judge morning your honors this is Steven Giordano from block and associates on corporation quite simply as your honor pointed out right from the start the issue here is whether or not this court has jurisdiction over this non-final determination to sanction mr. mead quite frankly the case law is pretty clear the Supreme Court in Cunningham set forth that you know sanctions against attorneys in a case are non-final and there's no immediate right to appeal in this case contrary to what mr. mead is set forth there is no motion preclusion all the court did was set forth that the litigants in the case were required to comply with local rule 37.3 which requires a meet and confer prior to filing a motion in Cunningham the court set forth that the whole objective of rule 37 is the prevention of delaying costs to other litigants caused by the motions and in the underlying docket there's been nearly 200 filings in this case which is just a simple note action and a guarantee but this case has gone on for five years and the court is noted and it's multiple orders it's due to the conduct by the defendant and his counsel in this case we have two orders of the motions and mr. mead failed to heed those orders even though the orders were clear concise and directed that the parties meet and confer before you file a motion there's no outright ban against all motions in fact even after the show cause hearing where mr. mead was sanctioned by magistrate judge Tomlinson the court actually gave a briefing schedule for his motion when his motion was filed thereafter he was not permitted to file a motion before meeting conferring the court set forth on two separate orders that was required and he failed to heed those orders and that the sanction itself which is doesn't even compensate for the amount of costs and expenses and delays which the appellee has been forced to endure in this matter so like I said you know Cunningham verse Hamilton County is controlling and this court is actually cited at numerous times including New Pacific Seas Overseas Group where the attorney was fined $10,000 and the costs of all of the needless motion practice which he caused the other side to incur in this instance here there is no free speech that's violated which mr. mead you know claims there's no outright preclusion against all motions that mr. mead claims it's clear in the record here that this is just the litigant that is bent on filing as many motions as possible to cause the most amount of damage to the other side and to delay a case which should have been resolved probably five years ago thank you mr. mead yes your honor thank you your honor with respect to the Cunningham case I believe I've addressed it in my letter brief I would refer to the court to that the as to as to the facts underlying this the council reference I strongly disagree and that the problem is there is no record as to what he's speaking about because the judge did not record it the what you do have is my emails July 7th and 8th where I had requested counsel to meet and confer for two days straight he wouldn't do so until July 9th not at 4 p.m. knowing that the Chase Bank subpoenas compliance was July 10th the motion as this court is aware with the subpoena was directed to a non-party the non-party is not covered under docket 153 or motion prohibit what however the court characterizes it it wasn't covered I don't believe I did anything wrong here I believe the sanctions were wrong I don't buy it just as counsel just stated 200 200 filings and I addressed that in in one of the motions here that he says that repeatedly but most of the unfairness that has been so replete within these proceedings and I think the court can has the authority to remand for a hearing back for an impartial record so that it's at least preserved rather than he's referenced five years how do we know this case is going to get here in the next five years I have to wait a late along for my reputation and for these $500 for another two three years who knows how long these cases will until they reach trial thank you thank you mr. me we'll take the case under the motion under advisement and we'll move on to our calendar thank you judge